IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JANELL REYES,** | |
| **Plaintiff,** | |
| v. | Case No.: 24-cv-00381-SEH-JFJ |
| **SPROUTS FARMERS MARKETS aka SUNFLOWER FARMERS MARKETS, LLC,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is Defendant Sprouts Farmers Markets a/k/a Sunflower Farmers Markets, LLC ("Sprouts") motion to dismiss Plaintiff Janell Reyes' Complaint[1] under Federal Rule of Civil Procedure 12(b)(3) & (6), or, in the alternative, to transfer under 28 U.S.C. § 1404. [ECF No. 8]. For the reasons set forth below, Sprouts' motion is denied under the Rule 12 theories, but its

---

[1] Plaintiff's operative pleading is the "First Amended Petition," filed in the District Court of Tulsa County, State of Oklahoma, on July 24, 2024, in Case Number CJ-2024-00411. Plaintiff appears to agree that this is the operative pleading. *See* [ECF No. 15 at 1–2] (Plaintiff citing to the First Amended Petition as the operative pleading). However, in the interest of clarity and consistency with the Federal Rules of Civil Procedure, the Court will refer to Plaintiff's pleading as the "Complaint."

The Court also notes that Plaintiff spells her name inconsistently in different filings, but the Court adopts the spelling in the operative pleading.

request to transfer this case under 28 U.S.C. § 1404 to the United States District Court for the Western District of Oklahoma is granted.

## I. Background

This case arises out of a dispute between Reyes, an individual, and Sprouts. [ECF No. 5-2 at 1–2]. Reyes initiated this action in Oklahoma state court in Tulsa County, but it was later removed to this Court. [ECF Nos. 2 & 5]. Reyes alleges that she was shopping at Sprouts in Oklahoma City when she was "severely and seriously injured at the hands of Defendant(s) through its/their employees" because of "a loaded pallet jack or similar equipment." [ECF No. 5-2 at 1–2]. As a result of her injuries, Reyes alleges that Sprouts is liable for negligence, gross negligence, and reckless and conscious disregard for her welfare. [*Id*. at 2].

## II. Discussion

Sprouts raises three distinct issues: (1) failure to state a claim upon which relief may be granted; (2) improper venue; and (3) transfer to the United States District Court for the Western District of Oklahoma. For the reasons set forth below, Plaintiff has not failed to state a claim upon which relief may be granted. And although venue is proper under the removal statute, it is appropriate to transfer this case to the United States District Court for the Western District of Oklahoma

**A. Reyes' Complaint states a claim for relief that is plausible on its face, so Sprouts' motion to dismiss under Fed. R. Civ. P. 12(b)(6) is denied.**

A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(6) based on a plaintiff's failure to state a claim upon which relief can be granted. To survive such a motion, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "There is a low bar for surviving a Rule 12(b)(6) motion to dismiss," and a case "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 815 (10th Cir. 2025) (cleaned up).

After carefully considering the parties' arguments and the applicable authority, the Court finds that Reyes has stated a plausible claim upon which relief may be granted. In the Complaint, Reyes properly identifies the date she was injured, where she was injured, the item that injured her, the conduct Sprouts engaged in that caused her injuries, and the legal theories she rests her claims on. [ECF No. 5-2 at 2–3]. Therefore, Sprouts' motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) is denied.

### B. Sprouts' motion to dismiss under Fed. R. Civ. P. 12(b)(3) is denied because venue is proper under 28 U.S.C. § 1441.

A defendant may move to dismiss a complaint under Fed. R. Civ. P. 12(b)(3) based on a plaintiff's failure to file the case in the proper venue. However, venue of removed actions is governed by 28 U.S.C. § 1441(a), not § 1391. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953). "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* at 666. In other words, once a case is properly removed to the federal district court that encompasses the state court where the action was originally filed, venue at the federal level is automatically proper under section 1441(a).

Additionally, under 28 U.S.C. § 1406(a), "if it be in the interest of justice," the district court may "transfer such case to any district or division in which it could have been brought." However, a court may grant such a transfer "only if the case was brought 'in the wrong division or district.'" *Harshaw v. CSAA Gen. Ins. Co.*, No. 25-cv-338-JDR-SH, 2025 WL 2630926, at *1 (N.D. Okla. Sept. 12, 2025) (*quoting* 28 U.S.C. § 1406(a)). "Once a case is removed to a district court under § 1441(a), there is no basis for a § 1406(a) transfer or dismissal." *Id.* (*citing Lundahl v. Pub. Storage Mgmt.*, Inc., 62 F. App'x 217, 218–19 (10th Cir. 2003)).

Venue is proper in the Northern District of Oklahoma because removal automatically renders the federal district embracing the state court where it was filed the proper venue under 28 U.S.C. § 1441(a). Here, Reyes originally filed this action in the Tulsa County District Court and later removed to the Northern District of Oklahoma. [ECF Nos. 2, 5]. Applying § 1441(a) to these facts, venue is proper in the Northern District of Oklahoma because it embraces the Tulsa County District Court. The Court, therefore, finds that neither dismissal nor transfer is appropriate under these provisions.

### C. This action should be transferred under 28 U.S.C. § 1404 to the United States District Court for the Western District of Oklahoma.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted). A plaintiff's choice of forum is usually afforded deference, but that deference is given less weight if the plaintiff does not reside in the judicial district or if the "facts giving rise to the lawsuit have no material relation or significant connection

to the plaintiff's chosen forum." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (citation and quotation mark omitted).

Ultimately, however, "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp*, 928 F.2d at 1515 (citation and internal quotation marks omitted). Therefore, in reaching its decision, the Court considers several factors, including:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167 (citation omitted).

First, although the Court considers a plaintiff's choice of forum, that is given less weight if the plaintiff does not reside in the judicial district or if the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id*. at 1168 (citation and quotation mark omitted). Here, the relevant issue is Reyes' injury, and that occurred in Oklahoma City, which is in the Western District. [ECF No. 5-2 at 2]; 28

6

U.S.C. § 116(c) (listing Oklahoma County as one of the counties comprising the Western District and noting that court for the Western District "shall be held at … Oklahoma City."). Therefore, there is no material relation or significant connection with the Northern District, and the first factor favors transfer to the Western District of Oklahoma.

The second factor, "accessibility of witnesses and other sources of proof … is the most important factor." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169. Plaintiff alleges that her injuries took place in Oklahoma City, [ECF No. 5-2 at 2], so it is most likely that witnesses and other proof will be located there, not in the Northern District. This factor weighs in favor of transfer.

The third and fifth factors involve the cost of making proof and the relative advantages and obstacles to a fair trial. *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167. Again, Reyes' Complaint states her injury occurred in Oklahoma City, [ECF No. 5-2 at 2], and the Court does not see any apparent cost or obstacle to receiving a fair trial in the Western District of Oklahoma. In fact, it appears that the primary reason this case was brought in a Tulsa court is because "plaintiff's counsel is not currently licensed in the Western District of Oklahoma." [ECF No. 15 at 10]. While Reyes may incur additional costs to retain counsel admitted to practice in the Western District, Defendant should not bear the burden of Plaintiff's choice of counsel when there are no appreciable or justified costs or barriers to filing in a more

7

appropriate district. This is especially true given that this action was originally filed at a place with no relationship to the underlying claims. The Court also does not see why Reyes' counsel could not seek admission to practice in the Western District *pro hac vice*. This factor weighs in favor of transfer.

The fourth factor raises "questions as to the enforceability of a judgment if one is obtained." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167. There does not appear to be any dispute as to this factor, so it does not weigh either in favor of or against transfer.

Under the sixth factor, the Court considers "difficulties that may arise from congested dockets." *Id*. As another judge in this district observed less than three months ago, "[t]he levels of congestion [between the Northern and Western Districts of Oklahoma] are similar but the ongoing backlog in the Northern District weighs in favor of transfer." *Harshaw*, 2025 WL 2630926, at *3 (N.D. Okla. Sept. 12, 2025).

Under the seventh and eighth factors, the Court considers "the possibility of the existence of questions arising in the area of conflict of laws [and] the advantage of having a local court determine questions of local law." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167. Because the Northern and Western Districts are both based in Oklahoma, neither of these factors are an obstacle to transfer.

Finally, the Court evaluates all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Id*. After carefully considering the parties' submissions and the practical circumstances of this case, this factor weighs in favor of transfer to the Western District because it is the only district that has a relationship to Reyes' claims.

In sum, there is only a negligible connection between Reyes' allegations and the Northern District of Oklahoma, as her claims involve events that occurred in Oklahoma City. Given the limited ties to the Northern District, the Court affords little weight to Reyes's choice of forum, and the Court finds it appropriate to transfer this action to the United States District Court for the Western District of Oklahoma.

### III. Conclusion

For the reasons stated above, Defendant Sprouts Farmers Markets a/k/a Sunflower Farmers Markets, LLC's motion to dismiss under Fed. R. Civ P. 12(b)(3) & 12(b)(6) is DENIED, but the motion to transfer under 28 U.S.C. § 1404 is GRANTED.

The Court further DIRECTS the Clerk of Court to take all necessary steps to transfer this case to the United States District Court for the Western District of Oklahoma.

Defendant also filed a motion for a status conference on its motion so that it could receive "direction from the Court regarding the status of the pending

motion and appropriate next steps for case management." [ECF No. 18]. Because the Court rules on [ECF No. 8] in this opinion and order, the Court finds the motion for status conference filed at [ECF No. 18] MOOT.

**DATED** this 4th day of December, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE